# EXHIBIT A

THE VESPI LAW FIRM, LLC
Damon A. Vespi - 025991998
547 Union Boulevard, Second Floor
Totowa, New Jersey 07512
TEL: 973-633-1000
Attorneys for Plaintiffs

| | |
|---|---|
| LORRAINE STARLING and MICHIKO WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>OSWALDO G. RECALDE, COWAN SYSTEMS, LLC, ABC CORPS 1-10 and JOHN/JANE DOES 1-10, (last two names being fictitious and presently unknown)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND and DISCOVERY DEMANDS** |

Plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, residing in the State of New Jersey, by way of Complaint and jury demand, says as follows:

### FACTS APPLICABLE TO ALL COUNTS

1. Plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, were occupants in the 2013 Hyundai Sonata, involved in the subject collision.

2. Defendant, OSWALDO G. RECALDE, was the operator of the 2012 Volvo truck, involved in the subject collision.

3. Defendant, COWAN SYSTEMS, LLC, was the owner of the 2012 Volvo truck, involved in the subject collision.

4. ABC CORPS 1-10 (names being fictitious and presently unknown), are named as Defendant(s) herein and intended to represent any company(ies), partnership(s), corporation(s), or other business entity(ies), whose identity is presently unknown, who may have caused or

contributed to the negligence causing any of the collisions, or that may be otherwise liable for payment of damages for the negligence and/or recklessness of others.

5. JOHN/JANE DOES 1-10 (names being fictitious and presently unknown), are named as Defendant(s) herein and intended to represent any individual(s), whose identity is presently unknown who may have caused or contributed to the negligence causing any of the collisions, or that may be otherwise liable for payment of damages for the negligence and/or recklessness of others.

## FIRST COUNT

6. Plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts as if set forth at length herein.

7. On or about August 13, 2019, plaintiffs, LORRAINE STARLING AND MICHIKO WILLIAMS, were occupants of the 2013 Hyundai Sonata, which was stopped at a stop sign Southbound on St. Charles Street, at the intersection with Rome Street, in Newark, New Jersey.

8. At the aforesaid time and place, the defendant, OSWALDO G. RECALDE, was the operator of the 2012 Volvo truck, owned by defendant, COWAN SYSTEMS, LLC., which was travelling Southbound on St. Charles Street, when suddenly, unexpectedly, without warning, Defendant attempted to go around the vehicle occupied by Plaintiffs and forcefully collided into the Plaintiffs' vehicle, causing serious personal injuries to the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS.

9. The negligence of the defendant, OSWALDO G. RECALDE, consisted of, among other things, the following:

2

    a.    Defendant failed and omitted to have the truck under safe and proper control;

    b.    Defendant failed and omitted to keep a safe and proper lookout;

    c.    Defendant drove and operated the truck in a reckless manner;

    d.    Defendant drove and operated the truck at an excessive rate of speed; and

    e.    Defendant failed to respect the rights of the motor vehicle in which the Plaintiffs was an occupant and to respect the rules of the road in such case made and provided.

10.    As a direct and proximate result of the aforementioned negligence, carelessness and recklessness of the defendant, OSWALDO G. RECALDE, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, sustained severe and painful injuries and were wounded about their bodies and limbs, both externally and internally, and were rendered disabled and disordered, and were compelled to endure great pain, suffering mental anguish, and were otherwise grievously, painfully and severely injured, some of which injuries they are informed and believe to be permanent in nature and were unable and will be unable to attend their regular duties and functions, thereby suffering loss and have expended considerable sums of money for medical, hospital and psychological care and attention.

**WHEREFORE**, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, demand judgment against the defendants, OSWALDO G. RECALDE, COWAN SYSTEMS, LLC, ABC CORPS 1-10 and JOHN/JANE DOES 1-10 (last two names being fictitious and presently unknown), individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

3

## SECOND COUNT

11. Plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts, and the First Count of the Complaint as if set forth at length herein.

12. On or about August 13, 2019, plaintiffs, LORRAINE STARLING AND MICHIKO WILLIAMS, were occupants of the 2013 Hyundai Sonata, which was stopped at a stop sign Southbound on St. Charles Street, at the intersection with Rome Street, in Newark, New Jersey.

13. At the aforesaid time and place, the defendant, OSWALDO G. RECALDE, was the operator of the 2012 Volvo truck, owned by defendant, COWAN SYSTEMS, LLC., which was travelling Southbound on St. Charles Street, when suddenly, unexpectedly, without warning, Defendant attempted to go around the vehicle occupied by Plaintiffs and forcefully collided into the Plaintiffs' vehicle, causing serious personal injuries to the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS.

14. The negligence of the defendant, COWAN SYSTEMS, LLC, by and through its agent, servant, and/or employee defendant, OSWALDO G. RECALDE, consisted of, among other things, the following:

    a. Defendant failed and omitted to have the truck under safe and proper control;

    b. Defendant failed and omitted to keep a safe and proper lookout;

    c. Defendant drove and operated the truck in a reckless manner;

    d. Defendant drove and operated the truck at an excessive rate of speed; and

    e. Defendant failed to respect the rights of the motor vehicle in which the Plaintiffs was an occupant and to respect the rules of the road in such case made and provided.

15. The defendant, COWAN SYSTEMS, LLC, by and through its permissive user, agent, servant, and/or employee, operated the 2012 Volvo truck in such a negligent and/or reckless manner so as to cause the truck to collide with the motor vehicle in which the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, was an occupant.

16. As a direct and proximate result of the aforementioned negligence, carelessness and recklessness of the defendants, OSWALDO G. RECALDE and COWAN SYSTEMS, LLC, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, sustained severe and painful injuries and were wounded about their bodies and limbs, both externally and internally, and were rendered disabled and disordered, and were compelled to endure great pain, suffering mental anguish, and were otherwise grievously, painfully and severely injured, some of which injuries they are informed and believe to be permanent in nature and were unable and will be unable to attend their regular duties and functions, thereby suffering loss and have expended considerable sums of money for medical, hospital and psychological care and attention.

**WHEREFORE**, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, demand judgment against the defendants, OSWALDO G. RECALDE, COWAN SYSTEMS, LLC, ABC CORPS 1-10 and JOHN/JANE DOES 1-10 (last two names being fictitious and presently unknown), individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

### THIRD COUNT

17. Plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts, and the First and Second Counts of the Complaint as if set forth at length herein.

18. At all times herein mentioned, the defendant, COWAN SYSTEMS, LLC, owned, maintained, managed, operated, and controlled the business known as COWAN SYSTEMS, LLC.

19. At all times herein mentioned, defendant, COWAN SYSTEMS, LLC, was and is a corporation, business organizations or other business entity authorized to do business and was doing business in the State of New Jersey who put their product into the stream of commerce in the County of Essex, State of New Jersey.

20. At all times herein mentioned, defendant, COWAN SYSTEMS, LLC, was and is a in the business of providing cargo and freight transportation services and products to sellers and consumers throughout the country, and specifically to the County of Essex, State of New Jersey.

21. At all times herein mentioned, defendant, COWAN SYSTEMS, LLC, hires, employs and contracts drivers to deliver their products throughout the country, interstate and to the County of Essex, State of New Jersey.

22. At all times herein mentioned, the Defendants, had a duty and responsibility to investigate, screen, hire, train, control, and supervise any and all employees of COWAN SYSTEMS, LLC, including, but not limited to, defendant, OSWALDO G. RECALDE.

23. At all times herein mentioned, the Defendants, had a duty and responsibility to provide professional and competent employees for purposes of managing and operating their trucks, to diligently research and investigate their employees prior to hiring and prior to their being allowed to operate their trucks on public roadways.

24. At all times relevant hereto, the defendant, COWAN SYSTEMS, LLC, was negligent and careless in retaining, hiring, training, supervising and providing competent employees and personnel to operate their trucks, and thereby breached their duty to the Plaintiffs.

25. At all times relevant hereto, the defendant, COWAN SYSTEMS, LLC, as an employer and master, engaged in the business providing products and services to the public and upon the public roadways, had a duty to use reasonable care in investigating, screening and selecting competent and fit employees, servants and agents for the work assigned and to refrain from retaining the services of an unfit, inexperienced or incompetent employees, servants and agents.

26. At all times relevant hereto, the defendant, COWAN SYSTEMS, LLC, permitted, tolerated, and ratified practices of unreasonable, negligent and careless screening, hiring, training, control and supervision of their agents, servants, and employees, including defendant, OSWALDO G. RECALDE, and in so doing failed to properly investigate, screen, hire, train, and supervise, its agents, servants and employees.

27. At all times herein mentioned, defendant, COWAN SYSTEMS, LLC, had obligations and responsibilities to the Plaintiffs that were non-delegable, acted as the master of their employee, OSWALDO G. RECALDE, and are liable under the doctrine of negligent hiring, negligent supervision, negligent training and negligent retention.

28. As a direct and proximate result of the aforementioned negligence, carelessness and recklessness of the defendants, OSWALDO G. RECALDE and COWAN SYSTEMS, LLC, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, sustained severe and painful injuries and were wounded about their bodies and limbs, both externally and internally, and were rendered disabled and disordered, and were compelled to endure great pain, suffering

7

mental anguish, and were otherwise grievously, painfully and severely injured, some of which injuries they are informed and believe to be permanent in nature and were unable and will be unable to attend their regular duties and functions, thereby suffering loss and have expended considerable sums of money for medical, hospital and psychological care and attention.

**WHEREFORE**, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, demand judgment against the defendants, OSWALDO G. RECALDE, COWAN SYSTEMS, LLC, ABC CORPS 1-10 and JOHN/JANE DOES 1-10 (last two names being fictitious and presently unknown), individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

## FOURTH COUNT

29.     Plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts, and the First, Second and Third Counts of the Complaint as if set forth at length herein.

30.     On about August 13, 2019, defendants, JOHN/JANE DOES 1-10 (names being fictitious and presently unknown) were the operators and/or permissive users and/or agents and/or servants and/or employees of the individual in control of Defendants' truck.

31.     At the same aforementioned date and time, ABC CORPS 1-10 were the individuals or entities that owned, leased, rented, possessed, maintained, operated and/or were otherwise in control of the motor vehicle operated by defendants, OSWALDO G. RECALDE and/or JOHN /JANE DOES 1-10.

32.     Defendants, JOHN /JANE DOES 1-10 and/or ABC CORPS 1-10 are fictitious names pleaded as Defendants whose identities are unknown to the Plaintiffs at this time.

33. As a direct and proximate result of the negligence, carelessness and reckless disregard of the defendants, ABC CORPORATIONS 1-10, and/or JOHN /JANE DOES 1-10, to operate their truck in the negligent manner described in this Complaint, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, sustained severe and painful injuries and were wounded about their bodies and limbs, both externally and internally, and were rendered disabled and disordered, and were compelled to endure great pain, suffering mental anguish, and were otherwise grievously, painfully and severely injured, some of which injuries they are informed and believe to be permanent in nature and were unable and will be unable to attend their regular duties and functions, thereby suffering loss and have expended considerable sums of money for medical, hospital and psychological care and attention.

**WHEREFORE**, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, demand judgment against the defendants, OSWALDO G. RECALDE, COWAN SYSTEMS, LLC, ABC CORPS 1-10 and JOHN/JANE DOES 1-10 (last two names being fictitious and presently unknown), individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

## FIFTH COUNT

34. Plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, repeats, reiterates and realleges each and every allegation contained in the Facts Applicable to All Counts, and the First through Fourth Counts of the Complaint as if set forth at length herein.

35. As a direct and proximate result of the negligence of all the Defendants, involved in the August 13, 2019 incident, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, were caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and have been and

9

will in the future continue to be hampered in their daily routines due to the permanent nature of their injuries.

36. As a direct and proximate result of the negligence of the Defendants, Plaintiffs have been forced to incur medical expenses, including but not limited to deductibles, out-of-pocket expenses, medical bills and other liens which were reasonable, customary, necessary, and casually related to the subject collision.

37. As a result of these actions, plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, have suffered damages.

**WHEREFORE**, the plaintiffs, LORRAINE STARLING and MICHIKO WILLIAMS, demand judgment against the defendants, OSWALDO G. RECALDE, COWAN SYSTEMS, LLC, ABC CORPORATIONS 1-10, JOHN/JANE DOES 1-10, (last two names being fictitious and presently unknown), individually, jointly and severally or in the alternative, for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

THE VESPI LAW FIRM, LLC
Attorneys for Plaintiffs

By: _____
DAMON A. VESPI

Dated: July 14, 2021

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25, please be advised that Jared E. Drill, Esq. is hereby designated trial counsel with respect to the within matter.

## NOTICE OF INTENTION TO USE TIME UNIT MEASURE OF DAMAGES AT TRIAL

Plaintiffs hereby places all parties on notice of its intention to use the Time Unit Measure of Damages at Trial.

## JURY DEMAND

Pursuant to R. 4:35-1, Plaintiffs(s) demand a trial by jury as to all issues so triable.

## CERTIFICATION

In accordance with R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of another action either pending in any Court or in an arbitration proceeding. Nor are any other actions or arbitration proceedings is contemplated. To the best of my knowledge, there are no other parties who should be joined as parties in this action.

Further, in accordance with R. 4:5-1(b)(3), I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

THE VESPI LAW FIRM, LLC<br>
Attorneys for Plaintiffs<br><br>
By: _____<br>
DAMON A. VESPI

Dated: July 14, 2021

11